## J. M. LUCAS v. JAMES BISHOP.

GRANT. *Appurtenances.* The grant of a spring carries the land containing it, including so much of the land as is essential to the enjoyment of the spring in the customary way, but does not include a tree ten feet from the head of the spring on the land of another person, although the roots of the tree extend to, and partially around, the spring, and the branches overhang it.

### FROM HANCOCK.

Appeal in error from the Circuit Court of Hancock county. NEWTON HACKER, J.

H. H. INGERSOLL and H. F. COLEMAN for Lucas.

H. T. CAMPBELL for Bishop.

COOPER, J., delivered the opinion of the court.

As this case comes before us by exception to the

report of the Referees, the action is for trespass to land by "cutting so as to deaden a shade tree from or near a spring." The plaintiff and defendant had purchased together a tract of land from a third person, and afterwards agreed in parol to divide it between them by a particular line. There were two springs in the western half of the land, and it was verbally agreed that the person who drew the eastern half should have one of these springs with a right of way thereto appurtenant to his part of the land. In the division of the land, the eastern half fell to the plaintiff, who took possession of the spring specified, built a fence around it and a spring-house over it. Afterwards the vendor of the land, at the instance of the defendant, conveyed the western moiety to one Zion by deed, reserving the spring, and executed to the plaintiff a bond for the conveyance to him, upon payment of the purchase money, of the eastern moiety, "and to make a deed to a spring on the land I sold to F. Zion, but reserved the same in my deed to him." The tree in controversy was a large elm growing about ten feet from the head of the spring on a steep ledge of soft limestone rock. The soil under the tree, and as far as the shade of the tree extends, is not susceptible of cultivation by reason of the steepness of the land and the rock. The roots of the tree extend down to the spring, and help to form the wall of the spring. They run down nearly all the way on one side, and across the head of the spring, and down a part of the way on the other side. The tree had a heavy top which over--

Lucas v. Bishop.

hung the spring, and shaded it the larger portion of the time during which the sun shone. The plaintiff offered to prove that the defendant had notched the tree around so as, in the opinion of the witnesses, to make it reasonably certain the tree would die from the cutting. He tendered proof also of the pecuniary damage to the value of the spring which would be occasioned by the death of the tree. The trial judge, upon objection made · by the defendant, excluded the testimony "because the tree was not conveyed by the title bond." The result was a verdict and judgment in favor of the defendant. A majority of the Referees report that the judgment should be reversed upon the ground that the evidence was erroneously excluded. The defendant excepts.

The reservation and grant are not of the use of the spring, but of the spring itself, and carry the land which the spring occupies. The grant includes what is reasonably necessary to the enjoyment of the thing granted, and appurtenant thereto : 3 Wash. Real Prop., 336, 340, 3d ed. A thing appendant or appurtenant is defined to be "a thing used with and related to, or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant." It results, therefore, say the authorities, that land can never be appurtenant to other land, or pass with it as belonging to it: *Id.*, 340.

The grant being of the land containing the spring, which would no doubt include so much of the land as was essential to the enjoyment of the spring in

the usual mode, would not extend to other land beyond what was reasonably necessary to its use. A tree is, of course, a part of the land on which it grows, although the roots below and the branches above may extend beyond the boundary of the tract. If, therefore, the tree in controversy was not on the land covered by the grant of the spring, it could not be claimed as appendant or appurtenant to the spring, or essential to its enjoyment. The proof does not show that the tree was enclosed by the fence which the plaintiff erected around the spring, nor does the plaintiff claim it as being on his land. The fair inference, on the contrary, is that the damage insisted upon was merely caused by the loss of the shade of the heavy top and overhanging branches. And although the roots of the tree extended to the spring, it is not shown that they were material to the walls of the spring. Nor if they were, is it seen how the fact would give the plaintiff any right to the tree, any more than the existence of a rim of limestone at the spring would give a right to the limestone under the tree. That the shade of a tree may happen to extend to a spring cannot possibly be held to make the tree an appurtenant to the spring, even without the general rule already cited.

The exception to the report must be sustained, and the judgment below affirmed.